UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02884-DOC-JDE	Date: January 7, 2026

Title: Yvonne Real v. Amazon Retail LLC et al

---

| PRESENT: | THE HONORABLE DAVID O. CARTER, JUDGE | |
|---|---|---|
| Priscilla Deason for Karlen Dubon<br>Courtroom Clerk | | Not Present<br>Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF:<br>None Present | | ATTORNEYS PRESENT FOR DEFENDANT:<br>None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

## I.   Background

This is an employment action. Plaintiff Yvonne Real ("Plaintiff") worked as a employee for Defendants Amazon Retail LLC and AmazonFresh LLC. ("Defendants"). Complaint ("Compl.") (Dkt. 1-1, Ex. A) ¶ 12; Amendment to Complaint. Plaintiff worked for Defendants as an Inventory Management from December 21, 2021 to her termination on April 3, 2024. Compl. ¶ 12.

Plaintiff frequently complained about having pain in her feet and from long hours of standing and also not being paid on time or for her vacation time. Compl. ¶ 13-15. Plaintiff also request to take the day off on April 2, 2024 to see her doctor about her foot pain. *Id.* ¶ 15. On April 3, 2024, Plaintiff claims she was terminated for making these complaints and for requesting accommodations for her feet pain. *Id.* ¶ 16. Plaintiff complains she did not timely receive her final paycheck. *Id.* ¶ 17. Finally, Plaintiff claims that she requested her personnel file and payroll records from Defendants, but that these have not been provided. *Id.* ¶ 18.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on November 14, 2025 against AmazonFresh LLC. Notice of Removal ("Not.") (Dkt. 1) ¶ 1. On December 24, 2025 Plaintiff filed an an amendment adding Amazon Retail LLC as a Defendant. *Id.* Defendants removed the case to this Court on December 31, 2025. *See generally* Not.

Plaintiff brought 13 causes of action for : (1) failure to provide meal breaks; (2) failure to pay accrued, unused vacation time; (3) failure to pay minimum, regular, and overtime wages; (4) failure to pay waiting time (wage continuation) penalties; (5) failure to provide accurate, itemized wage statements; (6) disability/medical condition discrimination; (7) failure to engage in the interactive process; (8) failure to accommodate disability; (9) failure to take reasonable steps to prevent harassment, discrimination, and retaliation; (10) retaliation; (11) wrongful termination; (12) unfair business practices; and (13) failure to produce personnel file and payroll records. *Id.* ¶ 2; *see generally* Compl.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02884-DOC-JDE                                                               Date: January 7, 2026
                                                                                              Page 3

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02884-DOC-JDE                                                                                    Date: January 7, 2026
                                                                                                                                         Page 4

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III.   Discussion

Defendants argue that this Court has diversity jurisdiction in this action. Not. ¶ 9. The Court disagrees.

Plaintiff does not expressly allege an amount in controversy over $75,000. *See generally* Compl. Accordingly, Defendants must show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

Defendants have not met its burden to show that the amount in controversy requirement is satisfied. The Court only considers lost wages in the period from termination until removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court *may grant* on that complaint *if the plaintiff is victorious*") (emphasis added). Here, Plaintiff was terminated on April 3, 2024 Not. ¶ 35, and the case was removed on December 31, 2025, *see generally* Not. At the time of Plaintiff's termination, she was paid $18.50 per hour, or $ $740.00 per week because of her 40-hour work week. *Id*. Accordingly, Plaintiff's past economic damages at the time of removal are $67,340.00.[1] *See* Not. ¶ 36. Plaintiff's lost wages of $67,340.00 do not reach the required $75,000 minimum.

Defendants also ask the Court to include civil penalties. *Id.* ¶¶ 37-38. While these amounts are speculative and the Court declines to include them, as outlined below, even if they were included it would not surpass the amount in controversy threshold. First, Defendants ask the Court to include a $10,000 civil penalty by citing Plaintiff's cause of action for violation of California Labor Code section 98.6. Not. ¶ 37. However, California Labor Code section 98.6 only provides for a civil penalty "*not exceeding* ten thousand dollars ($10,000) per employee for each violation of this section." Cal. Lab.

---

[1] $18.50/hour x 40 hours/week x 91 weeks = $67,340.00.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02884-DOC-JDE  Date: January 7, 2026
Page 5

Code § 98.6(b)(3). Accordingly, this cause of action does not provide for a definite $10,000 penalty as Defendants argue. A civil penalty award under section 98.6 thus may very well be as low as $1. Furthermore, Defendant argues that Plaintiff is eligible for a civil penalty of wage continuation under California Labor Code section 203 and that this amount should be counted toward the jurisdictional threshold. Not. ¶ 38. However, this amount only equals $4,440. *Id.*; Cal. Lab. Code § 203 (providing for wage continuation in the amount of the daily wage multiplied by 30 days).[2] Accordingly, even if this $4,440.00 was included toward the jurisdictional threshold (thus totaling $71,780.00[3]), the $75,000.00 amount in controversy minimum would still not be met.

Defendants also assert that emotional distress damages, punitive damages, and attorneys' fees could combine to exceed $75,000.00. Not. ¶¶ 40-45. However, this Court does not include these types of speculative damages (or civil penalties) when calculating the amount in controversy. *See Traxler*, 596 F.3d at 1011; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Because Defendants have not satisfied their burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[4] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

---

[2] $18.50 x 8 hours/day x 30 days = $4,440.00.
[3] $67,340.00 + $4,440.00 = $71,780.00.
[4] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02884-DOC-JDE                                                                 Date: January 7, 2026
                                                                                                                      Page 6

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

### IV.     Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                          Initials of Deputy Clerk: pd/kdu
CIVIL-GEN